UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 19-cv-03115 (DSD-BRT)

BRUCE A. LUNDEEN,

Plaintiff,

v.

CITY OF MINNEAPOLIS
AND MINNEAPOLIS VETERANS
AFFAIRS HEALTH CARE,

Defendants.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant the Minneapolis Veterans Affairs Health Care ("VA"), by and through its attorneys, Erica H. MacDonald, United States Attorney, and Ana H. Voss, Assistant United States Attorney, respectfully request that this Court dismiss this action for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff's *pro se* complaint does not contain any legal authority to articulate his claim against the VA. The VA interprets it as attempting to assert a tort claim for negligence and or medical malpractice. *See, e.g.,* Complaint, Dkt. No. 1 ¶ 6-8. Amended Complaint, Dkt. No. 7 ¶ 170. As set forward below, that claim must be dismissed as it can only be filed against the United States and must be preceded by the filing of an administrative claim under the Federal Tort Claims Act ("FTCA").

In the alternative, Mr. Lundeen's complaint fails to state a claim against the United States. Mr. Lundeen does not identify any legal basis for his claim, and the relief sought –

broad injunctive relief--is not supported by specific, factual allegations. This Court should dismiss Mr. Lundeen's claims against the VA in their entirety.

## ARGUMENT

### I. Standards of Review

a. <u>12(b)(1) – Lack of Subject Matter Jurisdiction</u>

Under the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party may make either a facial or factual challenge to a court's subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729, n.6. (8th Cir. 1990). When considering a facial attack on jurisdiction, the court restricts itself to the face of the pleadings. *Id.* When considering a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. "The district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." *Id.* at 728 n. 4 (citations omitted).

Furthermore, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 730. The plaintiff has the burden of proof that jurisdiction does in fact exist. *Id.* Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. "It may be raised at any time by a party to an action, or by the court *sua sponte*." *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (citing Fed. R. Civ. P. 12(h)(3)).

b. <u>12(b)(6) - Failure to State a Claim</u>

A motion to dismiss under Rule 12(b)(6) tests whether that plaintiff has pleaded a cognizable claim in his or her complaint. To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A complaint need not contain detailed factual allegations, but must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Although Plaintiff is *pro se*, the Court may not assume facts to support a claim and the facts alleged cannot be conclusory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir.2004) (quotations omitted). "Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal quotations omitted).

If the Court considers matters outside of the pleadings pursuant to a motion to dismiss under Rule 12(b)(6), the Court must treat the motion as one for summary judgment

and dispose of it as provided in Rule 56. Fed. R. Civ. P. 12(d); *Hamm v. Rhone-PoulencRorer Pharm., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Although the initial burden is on the moving party, the nonmoving party must meet more than a minimal burden in order to prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**II. Plaintiff's FTCA Claim Should be Dismissed with Prejudice for Failure to Exhaust his Administrative Remedies.**

The United States, including its agencies and employees, can be sued only to the extent that sovereign immunity has expressly been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Preferred Risk Mut. Ins. Co. v. United States*, 86 F.3d 789, 792 (8th Cir. 1996). "Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, absent a waiver of sovereign immunity, a federal court does not have subject matter jurisdiction over cases against the United State government. *Id.*

The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States and delineates the procedure for bringing such claims. *See* 28 U.S.C. §§ 1346(b) and 2671-2680. This waiver of sovereign immunity is limited in nature. For instance, the FTCA "provides that an action shall not be instituted upon a claim against

the United States for money damages unless the claimant has first exhausted his administrative remedies." *McNeil v. United* States, 508 U.S. 106, 107 (1993). Specifically:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**.

28 U.S.C. § 2675(a) (emphasis added). To be presented properly, an administrative claim that complies with 28 U.S.C. § 2675(a) must be in writing, notify the agency that the incident has occurred, and state a specific claim in sum certain. *See Lundsford v. United States*, 570 F.2d 221, 226 (8th Cir. 1977); *Melo*, 505 F.2d at 1028-29. See 28 U.S.C. § 2675. *See also* 28 C.F.R. § 14.2(a). The claim must be submitted to the appropriate federal agency within two years of the accrual of the claim. 28 U.S.C. § 2401(b).

These provisions are clear, mandatory, jurisdictional, and cannot be waived. *McNeil*, 508 at 111-12; *Mader v. United States*, 654 F.3d 794, 807-808 (8th Cir. 2011) (*en banc*); *West v. United States*, 592 F.2d 487, 492 (8th Cir. 1979); *Melo*, 505 F.2d at 1028. Where exhaustion has not occurred, FTCA claims must be dismissed "for want of subject-matter jurisdiction." *See id.*

This Court lacks subject matter jurisdiction over Plaintiff's FTCA wrongful termination claim (Count I). Here, Lundeen does not allege he submitted a claim to the VA or that the VA denied the claim. Nor does he allege that he attempted to file one. (*See generally,* SAC.) The Court could dismiss the complaint on that basis alone. Fed. R. Civ. P. 8(a)(1).

Additionally, the VA searched its records and found no record of any tort claim submitted by Plaintiff. Declaration of Kyle Beesley. Lundeen failed to comply with a fundamental prerequisite to filing a complaint against the United States under the FTCA. 28 U.S.C. §§ 2675(a).

Nothing in the Complaint or Amended Complaint suggests that this requirement should be equitably tolled. *See United States v. Kwa Fun Wong*, -- U.S. --, 135 S. Ct. 1625, 1633 (2015) (applying equitable tolling to FTCA). Mr. Lundeen's complaint indicates that he never took the Haldol prescribed to him 27 years ago because he knew it to be dangerous. Dkt. No. 1 ¶ 6-8, Dkt. No. 7 ¶ 170. He also attaches a medical record written in 1991. Dkt. No. 7 at 42. To the extent he wanted to challenge the VA's care of him at that time, he has admitted he had knowledge of the elements of his claim at the time. Likewise, he claims to have been immediately sickened within a week of being seen at the VA in 2017. Amended Compl. ¶ 196. Mr. Lundeen must have brought an administrative claim before bringing these claims to this Court.

Therefore, the Court should dismiss all claims against the VA under Rule 12(b)(1). See *Barber v. United States*, 642 Fed. Appx. 411, 415 n. 3 (5th Cir. 2016).

### III. In the alternative, Plaintiff's Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

To the extent Mr. Lundeen is making some claim other than a tort claim against the VA, his complaint fails to articulate a basis for him to pursue such relief and any facts that would support his requested relief. A tort claim is one for money damages against the United States. 28 U.S.C. § 2675(a). Here, Mr. Lundeen does not appear to request money

damages for any alleged deviation from the standard of care by the VA. Rather, he asserts broadly that the VA should be "forced to issue a statement in how Haldol can be prescribed for depression and create a policy managing fraternization of law enforcement professionals and medical personnel." Complaint, Dkt. No.1 ¶ 7-2.

Mr. Lundeen's Complaint does not state any citation to the legal basis under which he is seeking this relief. His factual allegations do not support any claim for relief. First, he acknowledges that he never received Haldol as a patient at the VA. Amended Compl., Dkt. No. 7 ¶ 170. Second, his allegations regarding Haldol or the alleged interaction between police and medical personnel are supported by nothing more than speculation and innuendo.

To satisfy *Iqbal* and *Twombly*, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Iqbal*, 556 U.S. at 663. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

The allegations in Lundeen's complaint provide no facts to establish that there is or was any deficiency in the VA's Haldol protocol, that it was ever applied to him, or that

there was any damage to him as a result. Dkt. No. 7 ¶ 170. He fails to make any factual connection between his bloodwork and the illness he alleges to have developed in 2017. Dkt. No. 7 at ¶ 196. Likewise, he does not provide any facts to support the broad conclusion that the VA hospital employees "wrongfully influenced my mental health care providers." Dkt. No. 7 ¶ 38. With no more than speculation and conclusory statements, *Iqbal* and *Twombly* require that the Complaint be dismissed.

## CONCLUSION

For the foregoing reasons, the VA respectfully requests that this Court dismiss Mr. Lundeen's complaint for lack of subject matter jurisdiction, or, in the alternative for failure to state a claim upon which relief could be granted.

Respectfully submitted,

Dated: April 13, 2020

ERICA H. MacDONALD
United States Attorney

*s/ Ana H. Voss*

BY: ANA H. VOSS
Assistant U.S. Attorney
Attorney ID No. 483656DC
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Email: Ana.Voss@usdoj.gov

Attorneys for Federal Defendants